COURT OF APPEALS
DECISION
DATED AND FILED

August 13, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP166**

Cir. Ct. No. **2019FO1154**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

VILLAGE OF MUSCODA,

    PLAINTIFF-RESPONDENT,

V.

GREG DOUGLAS GRISWOLD,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Grant County: CRAIG R. DAY, Judge. *Reversed.*

¶1 KLOPPENBURG, J.[1] Greg Douglas Griswold appeals a circuit court judgment finding him guilty of violating a Village of Muscoda ordinance that provides: "No person may violate any rules or regulations that have been

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(b) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

enacted by the Librarian or the Library Board." Muscoda, Wisconsin, Municipal Code § 12-1-10 (2020).[2]

¶2 The circuit court concluded that, on October 16, 2019, Griswold violated the Village ordinance. The underlying rule that triggered the ordinance citation is a Muscoda Public Library rule providing that "patrons must sign in to use either of the two study rooms in the library."[3]

¶3 Griswold argues on appeal that there is no evidence that he disobeyed the sign-in rule in violation of the ordinance on October 16, 2019. I agree that the record shows that Griswold did not actually enter or use either of the two study rooms in the library on October 16, 2019. He therefore did not disobey "any rules or regulations that have been enacted by the Librarian or the Library Board" in violation of the ordinance. Muscoda, Wisconsin, Municipal Code § 12-1-10 (2020). Accordingly, I reverse.

---

[2] Village of Muscoda Ordinance 12-1-10 as currently posted on the Village's website provides, "No person may violate any rules or regulations that have been enacted by the Librarian or the Library Board." *See* Village of Muscoda Ordinance webpage, https://www.muscoda.com/sites/muscoda.com/files/12-1%20Parks%2C%20Pool%20%26%20Campground%207-1-20.pdf, last accessed 7/31/2020. There is no indication in the record or the briefing that Village of Muscoda Ordinance 12-1-10 was different in any way that matters in October 2019.

[3] This requirement is set forth in a document entitled "Muscoda Public Library Study Room Policy." The parties and the record refer to the specific sign-in requirement as either a policy or a rule; neither party disputes that the sign-in requirement is enforceable under Village of Muscoda Ordinance 12-1-10. For convenience, I will refer to it as the "sign-in rule."

## BACKGROUND

¶4    On October 16, 2019, Griswold was issued a citation for violating Village of Muscoda Ordinance 12-1-10. The case proceeded to a trial before the circuit court.

¶5    The following pertinent uncontroverted evidence was presented at trial.

¶6    The Muscoda Public Library librarian testified as follows. At its October 2019 board meeting, the Muscoda Library Board adopted a new rule requiring patrons to sign in to use either of the two study rooms. On a Monday shortly after the new rule was adopted, Griswold came into the library and asked to use one of the library study rooms. The librarian replied that per library policy, Griswold must sign in to use the room. When she turned away from Griswold to help other patrons, Griswold went into the study room without signing in.

¶7    Griswold returned to the library the following Wednesday, and Griswold was reminded about the sign-in rule. Griswold said that he would not sign in to use the study room and "indicated" that he was going to enter the room without signing in; the librarian then contacted Muscoda Chief of Police William Schramm. Griswold never entered a study room on that day.

¶8    Muscoda Chief of Police William Schramm testified as follows. The Village of Muscoda adopted an ordinance indicating that violation of a library rule constitutes a violation of the Village Municipal Code. The librarian called Schramm to the library on Wednesday, October 16, 2019. Schramm encountered Griswold at the library and discussed the sign-in rule with Griswold. Griswold indicated that he did not think the rule was fair and "asked that the matter be taken

3

before a Judge to have the rule tested in court." Schramm replied that he would have to issue Griswold a citation for that to occur. Griswold asked if he needed to actually enter the study room in order to receive a citation. Schramm replied, "No, I can just write that ticket based off of you saying you want to go in there." Schramm then issued the citation indicating that Griswold violated Village of Muscoda Ordinance 12-1-10.

¶9 Griswold testified as follows. On Wednesday, October 16, 2019, Griswold entered the library and was told he was required to sign in if he wanted to use a study room, and Griswold said he did not want to sign in. When the librarian asked if he intended to enter the study room, Griswold replied, "[W]ell yeah, I certainly intended to make use of it if I could." He later told the librarian: "I intend to, [by] however means I can[,] challenge this policy." Griswold asked both the librarian and Schramm if he needed to set foot in the study room to commit the violation before he was charged. Griswold did not enter the study room. Griswold is "desperately" trying to bring about a change in the library's sign-in rule.

¶10 While Griswold was on the stand, the circuit court and Griswold engaged in the following exchange:

> THE COURT: … [Y]our whole point here is to challenge this rule.
>
> ….
>
> THE COURT: And if you're saying you didn't violate the rule then your challenge [to the rule] must fail … because there is no violation. What you, I think, you're wanting to say is yes, I violated the rule, but the rule isn't enforceable, or isn't legal.
>
> .…

MR. GRISWOLD: … I'm saying I do not feel that I violated the policy. I have respected that. And what you're telling me, and I hear you, is that this isn't the forum to bring my protest.

THE COURT: Well, it certainly isn't your forum to bring your protest to the whole general library issue --

….

THE COURT: The issue in this case is whether requiring you to sign in to use the study room is a legitimate municipal regulation. If you want me to find that you didn't violate it on this particular day, and if I do find that you didn't violate it on this particular day because you didn't go in. Well, then you're never going to use the study room without signing in because the rule will have survived.

MR. GRISWOLD: Correct. I'm faced with that and I have asked since I needed to bring a lawsuit to the Village and board under the ADA to try and bring about change. Because I don't know of any other way to do it.

¶11     The circuit court acknowledged, and Griswold confirmed, that Griswold had asked Schramm whether Griswold needed to go into the room and that Schramm "basically said no, if you want a ticket, I'll give you a ticket."

¶12     On cross-examination, Griswold testified that he understood that he would have to sign in if he wanted to use a study room, and that he did not have the right to use a study room without signing in. He agreed that he would respect the sign-in rule until the rule changed.

¶13     In post-trial briefing the Village argued in support of the enforceability of the sign-in rule and asked that the circuit court find Griswold guilty of violating it. Griswold contested the validity of the sign-in rule and asserted that he had proven, and the court had found, that he was not guilty of violating it.

¶14    The circuit court entered a "Decision and Judgment" in which it began by stating, "The relevant historical facts are undisputed. Mr. Griswold objects to signing in in order to use a library study room. Mr. Griswold explicitly invited this citation in order to test the validity of the library sign-in rule." The court found Griswold guilty of the violation "based upon the undisputed evidence." The court also addressed Griswold's challenge to the sign-in rule and concluded that the rule is valid and enforceable. Griswold appeals.

## DISCUSSION

¶15    Griswold argues that the evidence is insufficient to support the finding of guilt.[4] When the sufficiency of evidence is challenged, an appellate court sustains the circuit court's findings of fact unless they are clearly erroneous. *State v. Anderson*, 2019 WI 97, ¶20, 389 Wis. 2d 106, 935 N.W.2d 285. A finding of fact is clearly erroneous if it is "against the great weight and clear preponderance of the evidence." *Id.* (citation omitted).

¶16    Here, the circuit court concluded that Griswold was guilty of violating the Village ordinance but did not make a specific finding of fact as to whether Griswold entered the library's study room without signing in, in violation of the sign-in rule enforced by the ordinance. In cases where a circuit court fails to make explicit findings of fact necessary to support its legal conclusion, the appellate court assumes that the circuit court made such findings in a way that

---

[4] Griswold also argues that the sign-in rule is unconstitutional. I do not address that argument because my conclusion based on the sufficiency of the evidence is dispositive. *See Barrows v. American Family Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

6

supports its decision. *State v. Weber*, 2016 WI 96, ¶25 n.8, 372 Wis. 2d 202, 887 N.W.2d 554. *Cf.* *State v. Echols*, 175 Wis. 2d 653, 673, 499 N.W.2d 631 (1993); *Freund v. Nasonville Dairy, Inc.*, 2019 WI App 55, ¶39, 389 Wis. 2d 35, 934 N.W.2d 913.

¶17   I analyze Griswold's sufficiency of the evidence argument by: (1) determining what findings of fact are necessary to support the circuit court's conclusion of guilt; and (2) analyzing those necessary findings under the "clearly erroneous" standard. *Anderson*, 2019 WI 97, ¶20.

¶18   As the circuit court implicitly acknowledged, a finding of fact that Griswold violated a library rule is necessary to support the determination that he is guilty of violating Village of Muscoda Ordinance § 12-1-10 (2020). The only library rule mentioned in this case is the sign-in rule and Mr. Griswold is not accused of violating any other library rules. Consistent with *Weber* and subsequent case law, I assume that the circuit court made a finding of fact that Griswold violated the sign-in rule because that finding is necessary to support the court's determination of guilt.

¶19   The issue here is whether the circuit court could reasonably have inferred from the evidence that Griswold violated the sign-in rule. "If any possibility exists that the trier of fact could have drawn the appropriate inferences from the evidence adduced at trial to find the requisite guilt, an appellate court may not overturn a verdict even if it believes that the trier of fact should not have found guilt based on the evidence before it." *State v. Poellinger*, 153 Wis. 2d 493, 507, 451 N.W.2d 752 (1990). If more than one reasonable inference can be drawn, the appellate court must accept the inference drawn by the circuit court sitting as fact finder; where only one reasonable inference can be drawn from the

evidence, the drawing of that inference is a question of law. *Freund v. Nasonville Dairy, Inc.*, 2019 WI App 55, ¶41 (citing *Welytok v. Ziolkowski*, 2008 WI App 67, ¶¶26-27, 312 Wis. 2d 435, 752 N.W.2d 359).

¶20 Here, the requisite guilt requires a finding that Griswold violated the sign-in rule, but that finding cannot be reasonably inferred from the evidence. As the circuit court acknowledged, and as the Village concedes on appeal, Griswold did not enter a study room on October 16, 2019. The testimony summarized above confirms that there is no evidence that Griswold used a study room in violation of the sign-in rule on October 16, 2019.[5] Because Griswold did not use the study room, he did not disobey the sign-in rule providing that "patrons must sign in to use either of the two study rooms in the library." Because he did not disobey the sign-in rule or any other library rule, Griswold did not violate the Village ordinance requiring obedience to "any rules or regulations that have been enacted by the Librarian or the Library Board." Muscoda, Wisconsin, Municipal Code § 12-1-10 (2020). The court's implicit finding to the contrary cannot be reasonably inferred from the evidence and is, therefore, clearly erroneous.

¶21 The Village argues that, although there is no evidence that Griswold violated the sign-in rule on October 16, 2019, he was properly found to have violated the rule because he proceeded with his challenge to its validity and the circuit court declared the rule valid. The Village cites no legal authority in support of its argument, and I do not consider it further. *See State v. Pettit*, 171 Wis. 2d

---

[5] Moreover, the uncontroverted evidence establishes that Griswold will not use a study room without signing in so long as the sign-in rule remains in effect.

627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("Arguments unsupported by references to legal authority will not be considered.").

**CONCLUSION**

¶22 Because the record reveals no evidence that Griswold disobeyed the sign-in rule in violation of the ordinance, I reverse.

*By the Court.*—Judgment reversed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

9